**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| HASSE CONSTRUCTION COMPANY, INC, an Illinois Corporation, <br>　　　　Plaintiff, <br><br>　　v. <br><br>GARY SANITARY DISTRICT BOARD OF COMMISSIONERS, an Executive Department of City of Gary an Indiana Municipal Corporation, and RUDOLPH CLAY, as Special Administrator of the Gary Sanitary District, <br>　　　　Defendants/Third-Party Plaintiffs, <br><br>　　v. <br><br>ALAN WISEMAN, individually and d/b/a UNITED WATER, GREELEY AND HANSEN, LLC, and WHITE RIVER ENVIRONMENTAL PARTNERSHIP, <br>　　　　Third-Party Defendants. | CAUSE NO.: 2:06-CV-322-PRC |

**OPINION AND ORDER**

This matter is before the Court on Third Party Defendant Greeley and Hansen LLC's Motion to Dismiss Count I of Amended Third Party Complaint and to Strike Requests for Punitive Damages and Attorneys Fees [DE 49], filed on March 26, 2008. Third-Party Defendant Greeley and Hansen, LLC ("Greeley"), moves to dismiss Count I of the Defendants/Third-Party Plaintiffs, Gary Sanitary District Board of Commissioners, an Executive Department of the City of Gary, an Indiana Municipal Corporation's, and Rudolph Clay, as Special Administrator of the Gary Sanitary District's ("the City of Gary Defendants"), Amended Third-Party Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure; and to strike several of the City of Gary Defendants' requests for damages and fees pursuant to Rule 12(f) of the Federal Rules of Civil Procedure.

On April 2, 2008, Third-Party Defendants Alan Wiseman, individually and d/b/a United Water ("Wiseman") and White River Environmental Partnership ("White River") filed a Third-Party Defendants' Joinder of Co-Third Party Defendant Greeley and Hansen LLC's Motion to Dismiss Count I of Amended Third Party Complaint and to Strike Requests for Punitive Damages and Attorneys Fees [DE 53]. No party, including the City of Gary Defendants, filed a response to Greeley's Motion to Dismiss and Strike, and the time to do so has passed. Further, no party filed a response to Wiseman's and White River's Notice of Joinder, and the time to do so has passed.

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

## PROCEDURAL BACKGROUND

On September 25, 2006, Plaintiff Hasse Construction Company, Inc. ("Hasse") filed its Complaint in this matter against the City of Gary Defendants, alleging breach of contract and quantum meruit/unjust enrichment. Hasse's allegations concern a contract that Hasse entered into with the City of Gary Defendants to reconstruct and/or rehabilitate sewers in Gary, Indiana. Hasse alleges that the City of Gary Defendants failed to disclose underground utility facilities, and that those facilities interfered with Hasse's work by slowing progress and increasing costs. Hasse requests that the Court grant it relief in the form of increasing the contract price for its work commensurate with the cost of the additional work required due to the undisclosed utility facilities. Further, Hasse requests that the Court find that it substantially performed its contractual duties.

On December 12, 2006, the City of Gary Defendants filed an Answer.

2

On March 13, 2007, Hasse filed a Supplemental Complaint for Damages and Declaratory Relief, in which it updated its request for damages and requested additional monetary relief due to work performed since the filing of the original Complaint.

On May 31, 2007, the City of Gary Defendants filed an Answer to Supplemental Complaint for Damages and Declaratory Relief.

On July 6, 2007, the City of Gary Defendants filed a Third-Party Complaint against Third-Party Defendants Wiseman, Greeley, and White River. The City of Gary Defendants allege that they contracted Third-Party Defendants to prepare specifications, blueprints, and drawings, and to solicit public bids for, and provide value engineering services and oversight to contractors performing sewer reconstruction and/or rehabilitation work in, the City of Gary. In Count I of the Third-Party Complaint, the City of Gary Defendants allege that Third-Party Defendants were negligent in failing to properly oversee, inspect, and provide services to the City of Gary Defendants regarding the sewer work. In Count II of the Third-Party Complaint, the City of Gary Defendants allege that Third-Party Defendants failed to provide the services required under their respective consulting agreements, and failed to meet their contractual obligations. The City of Gary Defendants allege that as a result of the acts and omissions of Third-Party Defendants, the City of Gary Defendants have been sued by Hasse and that the Third-Party Defendants are liable for any damages, costs, or attorney's fees awarded to Hasse.

On January 23, 2008, the City of Gary Defendants filed an Amended Third-Party Complaint to correctly name Third-Party Defendants.

On March 13, 2008, Wiseman and White River filed an Answer to Amended Third-Party Complaint in which they responded to the City of Gary Defendants' allegations and set forth certain

affirmative defenses. In the Affirmative Defenses section of their Answer, Wiseman and White River assert that the City of Gary Defendants fail to state a claim for which relief may be granted. Wiseman and White River argue specifically but not exclusively that the City of Gary Defendants fail to identify any duty owed by Wiseman and White River, and fail to show any agreement between the parties. At the close of their Answer, Wiseman and White River request that the Court dismiss the claims against them with prejudice.

On March 26, 2008, Greeley filed the instant Motion to Dismiss and Strike, an Answer and Additional Defenses of Greeley and Hansen LLC to Amended Third-Party Complaint, and a Counterclaim Against Third-Party Plaintiffs. In its Answer, Greeley incorporates the instant Motion to Dismiss and Strike. On the same day, Greeley filed a Memorandum of Law Supporting its Motion to Dismiss Count I of Amended Third-Party Complaint and to Strike Requests for Punitive Damages and Attorneys Fees.

On April 2, 2008, Wiseman and White River filed their Notice of Joinder, seeking to join Greeley's Motion to Dismiss and Strike. Wiseman and White River also filed an Amended Answer to Amended Third-Party Complaint. In answering the City of Gary Defendants' allegations of negligence, in their Amended Answer, Wiseman and White River respond that they join in Greeley's Motion to Dismiss and Strike.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

## ANALYSIS

Pending before the Court are Greeley's Motion to Dismiss and Strike and Wiseman's and White River's Notice of Joinder, in which the seek to join in the pending Motion to Dismiss and Strike. The Court will address each request separately.

### A. Wiseman's and White River's request to join Greeley's Motion to Dismiss and Strike

In their Notice of Joinder, Wiseman and White River seek to "join Greeley and Hansen's Motion to Dismiss in its entirety, as a matter of course." Wiseman and White River fail to identify a legal basis allowing for such a request. However, Rule 12(g)(1) discusses the right to join in a motion. The Rule provides, "A motion under this rule may be joined with any other motion allowed by this rule." Fed. R. Civ. P. 12(g)(1). Thus, although they do not refer to the Rule, Wiseman and River request the relief offered by Rule 12(g)(1), in seeking to join Greeley's Rule 12(b)(6) motion to dismiss and Rule 12(f) motion to strike.

A motion made pursuant to Rule 12(b)(6) "must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b)(6). Here, on March 13, 2008, Wiseman and White River filed an Answer to Amended Third-Party Complaint. Their Answer sets forth a number of affirmative defenses including failure to state a claim upon which relief may be granted. Thus, Wiseman and White River preserved a Rule 12(b)(6) defense to the City of Gary Defendants' Amended Third-Party Complaint. Subsequently, on April 2, 2008, Wiseman and White River filed the instant request to join and an Amended Answer to Amended Third-Party Complaint. In their Amended Answer, Wiseman and White River explicitly incorporate Greeley's Motion to Dismiss and Strike.

The Court finds that Wiseman and White River raised a Rule 12(b)(6) defense in their Answer and again in their Amended Answer. Rule 12(g)(1) allows for a Rule 12(b)(6) motion to be joined with another Rule 12(b)(6) motion. Thus, under the Federal Rules of Civil Procedure, and considering the City of Gary Defendants' failure to file a response in opposition, Wiseman's and White River's request to join in Greeley's Motion to Dismiss is granted.

Rule 12(f) sets a different standard as to when a request to strike must be made. Rule 12(f) allows the court to strike material from a pleading "on motion made by a party either before responding to the pleading or, if a response is not allowed, within 20 days after being served with the pleading." Fed. R. Civ. P. 12(f). Here, in their March 13, 2008 Answer, Wiseman and White River did not move to strike any requested damages. They are not now permitted to move to strike material from the City of Gary Defendant's Amended Complaint by motion.

Rule 12(f) also gives the court the option to act "on its own" and strike from a pleading redundant, immaterial, impertinent, or scandalous matter. Fed. R. Civ. P. 12(f). The Court will consider this standard as it considers Greeley's arguments to strike, analyzed later in this Opinion and Order.

### B.  Rule 12(b)(6) Motion to Dismiss

In its Motion to Dismiss, Greeley requests that the Court dismiss Count I of the City of Gary Defendants' Amended Third-Party Complaint pursuant to Rule 12(b)(6). A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the sufficiency of the complaint and not the merits of the suit. *See Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). To survive a Rule 12(b)(6) motion to dismiss, the complaint must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief,"

6

Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1969 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The factual allegations in the complaint must be sufficient to raise the possibility of relief above the "speculative level," assuming that all of the allegations in the complaint are true. *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Bell Atlantic*, 127 S.Ct. at 1965, 1973 n.14).

"[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic*, 127 S.Ct. at 1969. The Court accepts as true all of the well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom. *See Barnes v. Briley*, 420 F.3d 673, 677 (7th Cir. 2005). In ruling on such a motion, the Court may consider the complaint, the answer, and any written instruments attached to the complaint as exhibits. *See Beanstalk Group, Inc. v. AM Gen. Corp.*, 283 F.3d 856, 858 (7th Cir. 2002); *Beam v. IPCO Corp.*, 838 F.2d 242, 244 (7th Cir. 1988).

Greeley argues that Count I of the City of Gary Defendants' Amended Third-Party Complaint should be dismissed in accordance with Rule 12(b)(6), under Rule 14 of the Federal Rules of Civil Procedure, and the Indiana economic loss doctrine. In Count I, the City of Gary Defendants allege that Third-Party Defendants negligently failed to oversee, inspect, and provide services regarding the progress, construction, and work performed during the Gary sewer project.

1.   *Rule 14*

Rule 14(a) provides in part, "A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). Accordingly, the third-party defendant must be secondarily

liable to the third-party plaintiff in the event that the third-party plaintiff is found liable to the plaintiff. *See United States Gen., Inc. v. City of Joliet*, 598 F.2d 1050, 1053 (7th Cir. 1979). In addition, usually the third-party defendant's liability "arise[s] from the same dispute that gave rise to the plaintiff's claim." *Hartford Accident & Indem. Co. v. Sullivan*, 846 F.2d 377, 381 (7th Cir. 1988). The requirement of secondary liability is not, however, "altered merely by the fact that the alleged third-party claim grew out of the same transaction." *City of Joliet*, 598 F.2d 1050.

The City of Gary Defendants' Amended Third-Party Complaint consists of two counts. Count I alleges that Third-Party Defendants were negligent in performing their contractual duties. Greeley argues that the City of Gary Defendants cannot raise such a claim in their Amended Third-Party Complaint because Hasse's Complaint does not assert a claim of negligence. However, in addition to asserting a claim for negligence, Count II asserts a claim for breach of contract. Hasse, in its Complaint, also asserts a claim for breach of contract. Hasse seeks to recover value that it contends was lost because the City of Gary Defendants breached their duty to disclose certain underground facilities, which delayed and drove up the costs of Hasse's sewer maintenance work. The City of Gary Defendants, in turn, allege that Third-Party Defendants failed to provide services required under consulting agreements, thereby breaching their contract and resulting in the damages that Hasse seeks to recover. As a result, from the facial allegations of the breach of contract claim set forth in their Amended Third-Party Complaint, the City of Gary Defendants do allege that Third-Party Defendants are secondarily liable to them for all or part of the claim asserted by Hasse.

The Court finds that rather than parsing claims and undertaking an individual claim-by-claim analysis as Greeley encourages, Rule 14 is concerned with whether a defendant's third-party complaint, in whole, alleges that a potential third-party defendant is secondarily liable for the claims

8

asserted against the defendant. This rationale furthers the underlying purpose of Rule 14–to avoid multiplicity of actions and to promote the expeditious resolution of disputes between parties. *See Colton v. Swain*, 527 F.2d 296, 299 (7th Cir. 1975); *Federalpha Steel LLC Creditors Trust v. Fed. Pipe & Steel Corp.*, 245 F.R.D. 615, 618 (N.D. Ill. 2007). In this instance, the Court concludes that the Amended Third-Party Complaint, through its breach of contract claim, does allege that Third-Party Defendants are secondarily liable for the claims asserted by Hasse.[1] As a result, Greeley's request to dismiss the City of Gary Defendants' negligence claim, pursuant to Rule 14, is denied.

2.  *Economic loss doctrine*

Greeley next argues that due to the Indiana economic loss doctrine, the City of Gary Defendants cannot state a claim for negligence. The Indiana economic loss doctrine provides that "contract is the sole remedy for the failure of a product or service to perform as expected." *Gunkel v. Renovations, Inc.*, 822 N.E.2d 150, 152 (Ind. 2005). Explained further, contract is the only available remedy "where the loss is solely economic in nature, as where the only claim of loss relates to the product's [or service's] failure to live up to expectations, and in the absence of damage to other property or person." *Reed v. Central Soya Co., Inc.*, 621 N.E.2d 1069, 1074-75 (Ind. 1993), *modified on other grounds*, 644 N.E.2d 84 (Ind. 1994).

Economic losses, the Supreme Court of Indiana has held "occur when there is no personal injury and no physical harm to other property." *Gunkel*, 822 N.E.2d at 153-54 (citing W. Prosser, *Handbook on the Law of Torts* § 101, at 665 (4th ed. 1971)). Economic losses "are viewed as

---

[1] Rule 18 provides, in general, "A party asserting a . . . third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). Thus, because their claim for breach of contract is unchallenged by the instant Motion, the City of Gary Defendants can join a claim for negligence pursuant to Rule 18. *See, e.g., Federalpha Steel*, 245 F.R.D. at 618-19; 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1452 ("Once a court has determined that a proper third-party claim has been asserted, it should allow joinder of any other claims the third-party plaintiff may have against the third-party defendant").

9

disappointed contractual or commercial expectations." *Id*. at 154. "Economic loss includes such incidental and consequential losses as lost profits, rental expenses and lost time." *Id*. Therefore, a plaintiff must suffer harm beyond the party's contractual or commercial expectations in order to recover in tort under the economic loss doctrine. *See id*.; *Am. United Logistics, Inc. v. Catellus Dev. Corp.*, 319 F.3d 921, 926 (7th Cir. 2003). "Damage to the product itself, including costs of its repair or reconstruction, is an 'economic loss' even though it may have a component of physical destruction." *Gunkel*, 822 N.E.2d at 154 (quoting *Progressive Ins. Co. v. General Motors Corp.*, 749 N.E.2d 484, 491 (Ind. 2001)).

The general rationale supporting the economic loss doctrine is that "the law should permit the parties to a transaction to allocate the risk that an item sold or a service performed does not live up to expectations." *See Gunkel*, 822 N.E.2d at 155. Analyzing whether construction claims fit within the economic loss doctrine, the court in *Gunkel* reasoned, "Construction claims are not necessarily based on defective goods or products, but nonetheless are subject to the economic loss doctrine. In general, a claim that a product or service did not perform as expected is best left to contract law remedies." *Id*.

Here, Hasse does not allege that it suffered any personal injury. Rather, Hasse contends that as a result of the City of Gary Defendants' breach of contract, it had to perform additional work and was delayed in the progress of its original work. The damages sought by Hasse are thus economic losses arising from the City of Gary Defendants' alleged breach of contract. The City of Gary Defendants, in their Amended Third-Party Complaint, contend that Third-Party Defendants failed to properly, oversee, inspect, and provide services regarding the progress, construction, and work performed on the City's sewers. The City of Gary Defendants allege that they detrimentally relied

on Third-Party Defendants, and that Third-Party defendants are liable for any and all damages awarded to Hasse in this action. The damages sought are not based on personal injury and do not stem from physical harm to property other than the product or service itself. Thus, the damages sought by the City of Gary Defendants are also economic.

The City of Gary Defendants and Third-Party Defendants contracted for certain services. The alleged failure of Third-Party Defendants to live up to the City of Gary Defendants' expectations is best left to a contract law analysis. *See Gunkel*, 822 N.E.2d at 155. The economic loss doctrine precludes an action in tort to recover any alleged shortcomings in Third-Party Defendants' performance of the contracted for services. As a result, the Court finds that no set of facts can support the City of Gary Defendants' claim of negligence. The Court grants Greeley's unopposed Motion to Dismiss the City of Gary Defendants' negligence claim pursuant to the Indiana economic loss doctrine for failure to state a claim upon which relief can be granted, and does so with prejudice. The Court dismisses this claims with prejudice as to Wiseman and White River as well.

### C. Rule 12(f) Motion to Strike

Greeley next contends that the City of Gary Defendants' requests for punitive damages are unsupported by law and that the Court should strike the requests pursuant to Rule 12(f). Greeley argues that Indiana law does not permit punitive damages to be awarded for a claim of simple negligence, as is alleged in the City of Gary Defendants' Amended Third-Party Complaint at Count I. Further, Greeley contends that under Indiana law, punitive damages are not a proper remedy for a breach of contract action, as is alleged in the City of Gary Defendants' Amended Third-Party Complaint at Count II. Finally, Greeley moves to strike the City of Gary Defendants' claims for

11

attorney's fees because they fail to attach or cite any contract or statute in support of an award for fees.

Rule 12(f) provides, in part, "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike are generally disfavored, but when striking portions of a pleading "remove[s] unnecessary clutter from the case," the motion may "serve to expedite, not delay." *Heller v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989). "[A] court ordinarily will not strike a matter unless the court can confidently conclude that the portion of the pleading to which the motion is addressed is redundant or is both irrelevant to the subject matter of the litigation and prejudicial to the objecting party." *Fed. Nat'l Mortgage Ass'n v. Cobb*, 738 F. Supp. 1220, 1224 (N.D. Ind. 1990) (Lozano, J.).

1.   *Punitive damages*

The City of Gary Defendants request punitive damages in their breach of contract claim. However, under Indiana law, punitive damages are not recoverable in a breach of contract action. *See Erie Ins. Co. v. Hickman*, 622 N.E.2d 515, 519 (Ind. 1993) (citations omitted); *Miller Brewing Co. v. Best Beers of Bloomington, Inc.*, 608 N.E.2d 975, 981 (Ind. 1993) (citations omitted). In a contract action, the measure of damages is limited to those actually suffered as a result of the breach and which are reasonably assumed to have been contemplate by the parties at the time they formed the contract. *See Erie Ins. Co.*, 622 N.E.2d at 519. In order to recover punitive damages, the plaintiff must plead and demonstrate the existence of an independent tort that allows for such damages under Indiana law. *See Miller Brewing Co.*, 608 N.E2d at 984.

Here, the City of Gary Defendants contend that Third-Party Defendants engaged in an independent tort. Previously in this Opinion and Order, the Court considered and dismissed the independent tort. The City of Gary Defendants' remaining claim, breach of contract, cannot result in an award of punitive damages. The Court therefore finds that punitive damages, as a matter of law, are irrelevant to this matter. In addition, allowing claims for punitive damages to proceed would prejudice Third-Party Defendants by requiring them to develop an unnecessary defense. Thus, the Court grants Greeley's unresponded to Rule 12(f) Motion to Strike the City of Gary Defendants' claims for punitive damages in Counts I and II of the Amended Third-Party Complaint. Further, because punitive damages are not recoverable as a matter of law, the Court acts on its own, pursuant to Rule 12(f), and strikes the punitive damages claim as to Wiseman and White River as well.

2.   *Attorney's fees*

Greeley also moves to strike the City of Gary Defendants' request for attorney's fees. Greeley argues that the City of Gary Defendants failed to cite any contract or statute in support of their claim for attorney's fees and as a result the Court should strike the claim. Greeley cites one case in support of this argument. *Maggio v. Lee*, decided by the Court of Appeals of Indiana, Third District, held that Indiana law follows the "American Rule" regarding attorney's fees. 511 N.E.2d 1084, 1085 (Ind. Ct. App. 1987). Under the American Rule, each party is to pay its own attorney's fees unless there is specific statutory authority or contractual agreement to the contrary. *See id.* (citing *Trotcky v. Van Sickle*, 85 N.E.2d 638, 640 (Ind. 1949)). Greeley infers from the American Rule that a plaintiff must cite a basis for attorney's fees in its complaint.

The Court does not read *Maggio* to require the heightened pleading standard for attorney's fees that Greeley desires. The court in *Maggio* reviewed a trial court order awarding attorney's fees to a party after its opponent moved for a dilatory continuance. In setting aside the trial court's order and award of sanctions, the court held that no statutory authority supported the award. *See id*. at 1085. Beyond *Maggio*, Greeley makes no argument as to why the Court should now strike the City of Gary Defendants' request for attorney's fees.

Here, at this juncture the Court is only able to strike those measures of damages that absolutely cannot be awarded. To date in this matter, no attorney's fees have been requested or awarded, and the Court is unable to conclude that no future development or occurrence in this matter will merit the award of attorney's fees. Therefore, the Court denies Greeley's Motion to Strike as to the City of Gary Defendant's request for attorney's fees, without prejudice.

## CONCLUSION

Based on the foregoing, and considering the City of Gary Defendants' failure to file a response in opposition, the Court now **GRANTS IN PART AND DENIES IN PART** the Third Party Defendant Greeley and Hansen LLC's Motion to Dismiss Count I of Amended Third Party Complaint and to Strike Requests for Punitive Damages and Attorneys Fees [DE 49]. The Court **DISMISSES** Count I of the City of Gary Defendants' Amended Third-Party Complaint with prejudice. Further, the Court **STRIKES** the request for punitive damages from Counts I and II of the City of Gary Defendants' Amended Third-Party Complaint. Finally, the Court **DENIES WITHOUT PREJUDICE** Greeley's Motion to Strike as it pertains to the City of Gary Defendants' requests for attorney's fees in their Amended Third-Party Complaint.

14

So ORDERED this 23rd day of May, 2008.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc: All counsel of record